UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRANK J. HAWLEY,<br><br>Plaintiff,<br><br>v.<br><br>BANKERS HEALTHCARE GROUP LLC,<br><br>et al.,<br><br>Defendants. | Case No. 3:25-cv-06007-TMC<br><br>ORDER GRANTING MOTIONS TO DISMISS |

Proceeding pro se, Plaintiff Frank J. Hawley alleges that Defendant Bankers Healthcare Group ("BHG") provided him with an unlawful consumer loan that he later defaulted on. Mr. Hawley brings claims for (1) unlawful consumer lending under Washington's Consumer Loan Act ("CLA"); (2) unfair business practices under the Washington Consumer Protection Act ("CPA"); (3) violations of Washington's Criminal Profiteering Act, or "civil RICO" statute; (4) fraud; and (5) unjust enrichment. Dkt. 1-1.

Both BHG and Pinnacle Bank ("Pinnacle") moved to dismiss Mr. Hawley's case for failure to state a claim. Dkts. 25, 36. For the following reasons, Defendants' motions are GRANTED. The Court DISMISSES Counts I and III WITH PREJUDICE. The Court DISMISSES Counts II, IV, and V WITHOUT PREJUDICE.

ORDER GRANTING MOTIONS TO DISMISS - 1

## I.    BACKGROUND

Mr. Hawley alleges that BHG provided a consumer loan to Plaintiff that was improperly disguised as a commercial loan and violated consumer lending protections. Specifically, on July 12, 2022, BHG "extended to Plaintiff a high-interest loan at approximately 23.49% APR, represented as a 'commercial sole-proprietor' loan although Plaintiff operated no such business in Washington." Dkt. 1-1 ¶ 13. "BHG did not possess a [CLA] license under RCW 31.04, nor a certificate of authority to operate as a commercial bank under RCW 30A." *Id*. ¶ 14. Mr. Hawley asserts that BHG "collect[ed] unlawful high-interest loans through unlicensed activity and fraudulent misclassification of consumer loans as business-purpose obligations." *Id*. ¶ 19. Mr. Hawley claims that BHG violated Washington laws prohibiting consumer lending without a license and fraudulent business conduct. *Id*. ¶¶ 29–34. While most claims in the complaint concern BHG, Mr. Hawley also alleges that Pinnacle "provided a $250 million credit facility and other funding arrangements for BHG-originated loans." *Id*. ¶ 4.

Mr. Hawley originally brought this case in Thurston County Superior Court, and Defendants removed the case to this Court on November 10, 2025. Dkt. 1. BHG moved to dismiss the complaint on February 2, 2026, Mr. Hawley responded on February 12, and BHG replied on March 2. Dkts. 25, 31, 32. Pinnacle moved to dismiss separately on April 16. Dkt. 36. Mr. Hawley responded on May 8, one day after the deadline to file a response, and Pinnacle replied on May 14. Dkts. 38, 40.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Rule 12(b)(6) motions may be based on either the lack of a

ORDER GRANTING MOTIONS TO DISMISS - 2

cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010)

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Id.* (internal quotations omitted).

When pleading claims of fraud, however, plaintiffs must meet the heightened standard of Federal Rule of Civil Procedure 9(b). "Rule 9(b) requires that, when fraud is alleged, 'a party must state with particularity the circumstances constituting fraud.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Fed. R. Civ. P. 9(b)); *see Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003) (explaining that claims "grounded in fraud" or that "sound in fraud" "must satisfy the particularity requirement of Rule 9(b)").

The Court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party," *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014), but it need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotation marks and alteration omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Finally, the Court must construe a pro se plaintiff's pleadings liberally and "afford the petitioner the benefit of any doubt." *Boquist*, 32 F.4th at 774 (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). But even when considering a pro se litigant's pleadings, the Court does not assume the truth of legal conclusions presented as facts, and mere conclusory statements are not enough to support a claim. *Iqbal*, 556 U.S. at 678. "A liberal construction of a pro se complaint . . . does not mean that the court will supply essential elements of a claim that are absent from the complaint." *Boquist*, 32 F.4th at 774 (citing *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014)).

### III.    JURISDICTION

The Court must first address whether it has subject matter jurisdiction over the case. An action brought in state court is removable to federal district court if the federal court has original subject matter jurisdiction over the action. *See* 28 U.S.C. § 1441(a). Federal diversity jurisdiction exists when more than $75,000 is in controversy and all plaintiffs are of diverse citizenship from all defendants. *See* 28 U.S.C. §§ 1332(a), 1441(a), (b).

As explained in this Court's order on Mr. Hawley's motion to remand, Dkt. 20, this Court has diversity jurisdiction because Mr. Hawley claims over $75,000 in damages and is a citizen of Washington while BHG is a citizen of both Florida and Tennessee and Pinnacle is a citizen of Tennessee. Dkt. 1-1 ¶ 1; Dkt. 5 at 2; *see Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("an LLC is a citizen of every state of which its owners/members are citizens"); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (explaining that a corporation is a citizen of both its state of incorporation and "the State where it has its principal place of business") (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted).

ORDER GRANTING MOTIONS TO DISMISS - 4

## IV.    DISCUSSION

### A.    Incorporation by reference and judicial notice

BHG asks the Court to consider several documents that were not attached to the complaint. Dkts. 26–28. "Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). When "matters outside the pleading are presented to and not excluded by the court," a motion to dismiss "converts into a motion for summary judgment under Rule 56." *Id.* (citing Fed. R. Civ. P. 12(d)). Then, "both parties must have the opportunity 'to present all the material that is pertinent to the motion.'" *Id.* (citing Fed. R. Civ. P. 12(d)).

There are two exceptions to this rule. *Id.* First, a court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) [] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The second exception is "incorporation-by-reference." *Khoja*, 899 F.3d at 998. This rule allows courts to consider a document that is not attached to the complaint if the complaint "necessarily relies" on it and "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

First, BHG asserts that (1) Mr. Hawley's loan documents and (2) an audio recording and transcript of his loan verification call are incorporated into the complaint. Dkt. 25 at 11–12. This Court agrees. The terms and language in the loan documents form the basis of Mr. Hawley's claims that the loan was misconstrued as a commercial loan and did not meet standards required for consumer loans. Dkt. 1-1 ¶ 13. Moreover, Mr. Hawley relies upon his phone call with BHG as evidence of its fraudulent conduct. *Id.* ¶ 16 ("Underwriting, execution, servicing, and

collection communications were conducted by . . . [BHG] personnel, constituting predicate wire/mail acts in furtherance of the scheme."). Plaintiff either concedes or does not question the authenticity of these documents. *See* Dkt. 31 at 5 (arguing that the phone call "plausibly demonstrates lender-driven classification rather than borrower-initiated designation"). The Court will consider these documents in its analysis.

Second, BHG attaches filings from its action against Mr. Hawley in New York state court, *Bankers Healthcare Group, LLC v. Frank J. Hawley*, Index No. 008705/2025. Dkt. 27. A court may take judicial notice of "documents on file in federal or state courts." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012). The Court thus takes judicial notice "of the existence of the documents but not the truth of the matters asserted therein." *Mottale v. Kimball Tirey & St. John, LLP*, No. 13CV1160-GPC-MMA, 2014 WL 109354, at *3 (S.D. Cal. Jan. 10, 2014) (citation omitted).

**B.    Count I: Consumer Loan Act (CLA)**

The CLA does not afford a private right of action. *Est. of Brantner v. Ocwen Loan Servicing, LLC*, No. C17-582 TSZ, 2021 WL 3053055, at *4 (W.D. Wash. July 20, 2021) (citing RCW 31.04.208). But violations of the CLA are cognizable as "per se" violations of Washington's Consumer Protection Act ("CPA"). *Ride the Ducks Seattle LLC v. Ride the Ducks Int'l LLC*, 647 F. Supp. 3d 1049, 1058 (W.D. Wash. 2022) (citing *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 786, 719 P.2d 531 (Wash. 1986)).

The CLA does not apply to "[a]ny person making a loan primarily for business, commercial, or agricultural purposes unless the loan is secured by a lien on the borrower's primary dwelling." RCW 31.04.025(4)(e). BHG has provided ample evidence, incorporated by reference or appropriate for judicial notice, that the loan here was a commercial loan. This evidence includes: (1) the loan application signed by Mr. Hawley indicating the loan was for

ORDER GRANTING MOTIONS TO DISMISS - 6

"business debt consolidation" for his sole proprietorship, Dkt. 26 at 5; (2) the Statement of Intended Primary Purpose of the Loan signed by Mr. Hawley affirming that he "applied for a commercial loan with [BHG]" and understood "that a 'commercial loan' is a loan, the proceeds of which are intended by the borrower for use primarily for other than personal, family, or household purposes" and that he was responsible for spending loan funds in accordance with that purpose, *id*. at 7; (3) the promissory note for the loan signed by Mr. Hawley stating that the loan was a "commercial loan" and "for commercial purposes," *id*. at 9; (4) Mr. Hawley's phone call with BHG where he confirmed that loan funds would be used for commercial purposes, *id*. at 15; and (5) Mr. Hawley's representations in New York state court that "[t]he subject loan was obtained to stabilize business operations" and that "funds were fully applied to business needs." Dkt. 27 at 5.

In response, Mr. Hawley argues that "economic substance controls over paper labels" and notes that (1) bank disbursements were made to his personal account; (2) he provided Form 1040 tax returns "that did not include any Schedule C or other sole-proprietor business schedules"; (3) he never held a Washington UBI or DOR tax ID as a sole proprietor; and (4) that the BHG phone representative "introduced the business status and commercial characterization through scripted prompts and requested information in a yes-or-no format." Dkt. 31 at 2, 4–5. But a loan's purpose "is principally established by the representations the borrower makes to the lender at the time the loan is procured." *Brown v. Giger*, 111 Wn.2d 76, 82, 757 P.2d 523 (1988); *see also Pacesetter Real Est., Inc. v. Fasules*, 53 Wn. App. 463, 473–74, 767 P.2d 961 (1989) (noting a party's right to rely on representations made in the contract setting based on a duty to contract in good faith). Taken as true, Mr. Hawley's alleged facts cannot overcome BHG's repeated disclosures and Mr. Hawley's repeated confirmations that the loan was a commercial one.

ORDER GRANTING MOTIONS TO DISMISS - 7

Because Mr. Hawley's loan was "primarily for business, commercial, or agricultural purposes," RCW 31.04.025(4)(e), his CPA claim for violations of the CLA fails. The Court therefore DISMISSES Count I WITH PREJUDICE.[1]

## C.    Count II: Consumer Protection Act (CPA)

To plead a valid CPA claim, plaintiffs must satisfy the factors outlined in *Hangman Ridge* by alleging (1) an unfair or deceptive act or practice; (2) that occurs in trade or commerce; (3) that affects the public interest; (4) injury to business or property; and (5) a causal link between the unfair or deceptive act and the injury. 105 Wn.2d at 778, 784–85.

Mr. Hawley alleges that BHG violated the CPA because its "acts and practices are unfair and deceptive, occurred in trade or commerce, and affect the public interest, causing injury to Plaintiff and thousands of Washington consumers." Dkt. 1-1 ¶ 30. While Mr. Hawley restates the elements of a CPA claim, he does not provide "the who, what, where, when and why needed for the Court and Defendants to understand what is being alleged." *Brooks v. Skagit Cnty. Pub. Health*, No. 2:23-CV-01708-LK, 2023 WL 7651221, at *1 (W.D. Wash. Nov. 15, 2023). Critically, Mr. Hawley does not identify any unfair or deceptive act by Defendants. Nor does he allege a threat to the public interest by the alleged conduct—such as by showing that it has "the capacity to deceive a substantial portion of the public." *Skansgaard v. Bank of Am., N.A.*, 896 F. Supp. 2d 944, 949 (W.D. Wash. 2011) (quoting *Indoor Billboard/Wash, Inc. v. Integra Telecom*

---

[1] "Leave to amend shall be freely given when justice so requires, and this policy is to be applied with extreme liberality." *Bacon v. Woodward*, 104 F.4th 744, 753 (9th Cir. 2024) (quoting *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014)). "A district court, however, does not abuse its discretion in denying leave to amend where amendment would be futile." *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002). Here, amendment would be futile because the loan documents so clearly demonstrate that the loan was for a commercial purpose and no allegations extraneous to these documents could overcome that showing.

ORDER GRANTING MOTIONS TO DISMISS - 8

*of Wash., Inc.*, 162 Wn.2d 59, 74–75, 170 P.3d 10 (2007)). The Court therefore DISMISSES Count II WITHOUT PREJUDICE.

**D.      Counts III and IV: Civil RICO and fraud**

Next, Mr. Hawley claims that Defendants committed fraud and violated Washington's "civil RICO" statute by "conduct[ing] an enterprise through a pattern of criminal profiteering, including mail and wire fraud, to originate, service, and collect unlawful loans." Dkt. 1-1 ¶¶ 31–32. These claims mirror the above and fail for the same reasons, but they also fail because Mr. Hawley has not met Rule 9(b)'s heightened pleading standard. "Rule 9(b) requires that, when fraud is alleged, 'a party must state with particularity the circumstances constituting fraud.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Fed. R. Civ. P. 9(b)); *see Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003) (explaining that claims "grounded in fraud" or that "sound in fraud" "must satisfy the particularity requirement of Rule 9(b)"). For example, Mr. Hawley has not alleged that Defendants committed an enumerated felony listed under RCW 9A.82.010(4), a requirement for civil RICO liability. *Trujillo v. Nw. Tr. Servs., Inc.*, 183 Wn.2d 820, 837, 355 P.3d 1100 (2015).

Moreover, the Court agrees with Defendants that Mr. Hawley's civil RICO claim is time-barred. Dkt. 25 at 12. Civil RICO claims expire "three years after discovery of the pattern of criminal profiteering activity or after the pattern should reasonably have been discovered." RCW 9A.82.100(7)(a). Because the "statute of limitations is an affirmative defense," Defendants carry the burden to prove the alleged breach occurred outside the limitations period. *Rivas v. Overlake Hosp. Med. Ctr.*, 164 Wn.2d 261, 267, 189 P.3d 753 (2008).

Here, Defendants have demonstrated that Mr. Hawley "entered the loan transaction with BHG—and reasonably should have discovered any criminal profiteering pattern—in July 2022." Dkt. 25 at 19. In similar cases, this Court has found that the statute of limitations begins running

when the contract at issue is signed. *See Grubert v. Caliber Home Loans Inc.*, No. 3:24-CV-05405-TMC, 2024 WL 4417288, at *5 (W.D. Wash. Oct. 4, 2024), *reh'g denied*, No. 3:24-CV-05405-TMC, 2024 WL 4665427 (W.D. Wash. Nov. 4, 2024) ("[T]he Gruberts' contract documents with Caliber, including the MERS rider, explain how changes to beneficiaries may take place . . . This was sufficient to provide notice to the Gruberts of the facts constituting the alleged fraud."). Mr. Hawley also alleges that he "made payments totaling approximately $91,911 under protest," showing that he was aware of any misrepresentations when he began to make payments shortly after signing. Dkt. 1-1 ¶ 15. Because Mr. Hawley should have discovered the alleged misconduct in July 2022 but did not file his complaint until October 2025, more than three years later, his civil RICO claim fails.

The Court DISMISSES Count III, Mr. Hawley's civil RICO claim, WITH PREJUDICE. *See Fowler v. Guerin*, 200 Wn.2d 110, 118, 515 P.3d 502 (2022) ("[S]tatutes of limitation reflect the importance of finality and settled expectations in our civil justice system.").

The Court DISMISSES Count IV, Mr. Hawley's fraud claim, WITHOUT PREJUDICE.

**E.      Count V: Unjust enrichment**

Finally, Mr. Hawley brings a claim of unjust enrichment. "Unjust enrichment occurs when one retains money or benefits which in justice and equity belong to another." *Young v. Young*, 164 Wn.2d 477, 484, 191 P.3d 1258 (Wash. 2008) (internal quotation marks omitted). The elements of an unjust enrichment claim in Washington are as follows:

> A benefit conferred upon the defendant by the plaintiff; an appreciation or knowledge by the defendant of the benefit; and the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value.

*Id*. at 484.

ORDER GRANTING MOTIONS TO DISMISS - 10

Mr. Hawley alleges that "Defendants were unjustly enriched by receiving payments, interest, fees, and securitization proceeds from unlicensed lending." Dkt. 1-1 ¶ 33. As discussed above, however, Mr. Hawley has not plausibly alleged that Defendants engaged in unlicensed consumer lending. *See supra* Section IV.B. And he has not alleged facts showing that it was otherwise unlawful or inequitable for BHG to receive and retain his loan payments. Additionally, when a valid contract governs the rights and obligations of the parties, unjust enrichment does not apply. *See Mastaba, Inc. v. Lamb Weston Sales, Inc.*, 23 F.Supp.3d 1283, 1295–96 (E.D. Wash. 2014); *see also Young v. Young*, 164 Wn.2d 477, 484, 191 P.3d 1258 (2008) ("Unjust enrichment is the method of recovery for the value of the benefit retained *absent any contractual relationship* because notions of fairness and justice require it." (emphasis added)). While Mr. Hawley may plead this claim in the alternative that a contract does not exist, he does not appear to dispute the validity of the promissory note he signed with BHG.

The Court therefore DISMISSES Count V WITHOUT PREJUDICE.[2]

## V.    CONCLUSION

The Court GRANTS Defendants' motions to dismiss. Dkts. 25, 36. The Court DISMISSES Counts I and III WITH PREJUDICE. All other claims are DISMISSED WITHOUT PREJUDICE. If Mr. Hawley believes that he can plausibly allege additional facts to support

---

[2] Each of Mr. Hawley's claims also fail against Pinnacle because he has not alleged facts showing it is responsible for any of the alleged misconduct. While Mr. Hawley asserts that Pinnacle "provided a $250 million credit facility" for BHG, Dkt. 1-1 ¶ 4, he does not explain why it should be held responsible for BHG's conduct. *See Evans v. Sherman*, 2020 WL 1923176, at *3 (E.D. Cal. Apr. 21, 2020) (noting that a plaintiff who "simply lumps all defendants together" makes it "impossible for the Court to draw the necessary connection between the actions or omissions" of the various defendants); *In re Nexus 6P Prod. Liab. Litig.*, 293 F. Supp. 3d 888, 908 (N.D. Cal. 2018) ("Plaintiffs must identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole." (internal quotation marks and citation omitted)).

ORDER GRANTING MOTIONS TO DISMISS - 11

Counts II, IV, and V, he may file an amended complaint for those counts only no later than July 23, 2026. If no amended complaint is received by that date, the Court will close the case.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 2nd day of July, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING MOTIONS TO DISMISS - 12